IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **PROTECTIVE INSURANCE COMPANY,** § § § | |
| **Plaintiff,** § § | |
| v. § § | **CIVIL ACTION NO.** |
| **SOUTHERN STAR TRANSPORT, LTD.;** § | **7:22-cv-178** |
| **LOS CAMINOS MANAGEMENT, LLC;** § | |
| **FRONTERA MATERIALS, INC.;** § | |
| **FOREMOST PAVING, INC.; and** § | |
| **BELINDA GARCIA, Individually and on** § | |
| **behalf of the Estate of DAVID GARCIA,** § | |
| **JR.; and DAVID GARCIA, SR.,** § § | |
| **Defendants,** § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Protective Insurance Company ("PIC") files this Original Complaint for Declaratory Judgment seeking a declaration of its rights and obligations under primary and excess motor carrier liability insurance policies issued by PIC to Southern Star Transport, Ltd. ("Southern Star"), and shows as follows:

**I.**

**INTRODUCTION**

1. This suit seeks a declaratory judgment that PIC has no obligation to defend or indemnify its policyholder Southern Star, or related entities Los Caminos Management, LLC ("Los Caminos"), Frontera Materials, Inc. ("Frontera"), and Foremost Paving, Inc. ("Foremost"), against claims asserted in a lawsuit styled *Belinda Garcia, Individually and on behalf of the Estate of David Garcia, Jr., and David Garcia, Sr. v. Frontera Materials, Inc., Foremost Paving, Inc., Southern Star Transport, Ltd., Los Caminos Management, LLC, Reavis Farms, Inc., Deere and Company d/b/a*

*John Deere Company, and Doggett Heavy Machinery Services, LLC* (the "Underlying Lawsuit"). The Underlying Lawsuit is pending as Cause No. C-1783-21-L in the 464th Judicial District Court of Hidalgo County, Texas.

2.  There is a justiciable controversy between PIC and Defendants Southern Star, Los Caminos, Frontera and Foremost as to whether insurance policies issued by PIC to Southern Star provide coverage for the claims asserted in the Underlying Lawsuit. Belinda Garcia and David Garcia, Sr. are proper parties to this lawsuit because their interests and that of the estate represented by Belinda Garcia may be affected by the declaration sought herein, namely that PIC has no duty to pay any judgment or settlement these plaintiffs in the Underlying Lawsuit may obtain against Defendants Southern Star, Los Caminos, Frontera or Foremost.

## II.

## PARTIES

3.  Plaintiff PIC is an insurance company organized and existing under the laws of the State of Indiana with its principal place of business in Indiana. At all relevant times, PIC was authorized to do business in the State of Texas.

4.  Defendant Southern Star is a citizen of the state of Texas, being a limited partnership formed in Texas, having its principal place of business in Elsa, Texas and, upon information and belief, each of its partners being domiciled of the State of Texas. Southern Star may be served with process by serving its registered agent Joseph E. Forshage at 22630 N. FM 88, Elsa, Texas 78543 or wherever he may be found.

5.  Defendant Los Caminos is a citizen of the state of Texas, being a limited liability company formed in Texas, having its principal place of business in Elsa, Texas and, upon information and belief, each of its members being domiciled of the state of Texas. Los Caminos may be served with process by serving its registered agent Joseph E. Forshage at 22630 N. FM 88, Elsa,

Texas 78543 or wherever he may be found.

6. Defendant Frontera is a citizen of the state of Texas, being a corporation formed in Texas with its principal place of business in Elsa, Texas. Frontera may be served with process by serving its registered agent E. E. Forshage III at 22630 N. FM 88, Elsa, Texas 78543 or wherever he may be found.

7. Defendant Foremost is a citizen of the state of Texas, being a corporation formed in Texas with its principal place of business in Elsa, Texas. Foremost may be served with process by serving its registered agent Joseph E. Forshage at 22630 N. FM 88, Elsa, Texas 78543 or wherever he may be found.

8. Defendant Belinda Garcia, individually and on behalf of the Estate of David Garcia, Jr., is an individual who is a resident of Texas and may be served with process at the following address: 315 El Alto Street, La Grulla, TX 78548 or wherever she may be found.

9. Defendant David Garcia, Sr. is an individual who is a resident of Texas and may be served with process at the following address: 315 El Alto Street, La Grulla, TX 78548 or wherever he may be found.

### III.

### JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 U.S.C. §§ 2201 and 2202 insofar as PIC now seeks a declaration of its rights and obligations under the insurance policies at issue. Pursuant to 28 U.S.C. § 1332, complete diversity exists between the parties, and the amount in controversy exceeds §75,000, exclusive of interests and costs.

11. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) because a substantial part of the events giving rise to the claim occurred in this District and Division.

## IV.

## **THE UNDERLYING LAWSUIT**

12. Southern Star, Los Caminos, Frontera and Foremost have been named as defendants in the Underlying Lawsuit, which arises out of a fatality accident involving David Garcia, Jr. in Mission, Texas. Plaintiffs' Original Petition in the Underlying Lawsuit is attached as **Exhibit A**. The Underlying Lawsuit alleges that, on April 19, 2021, David Garcia, Jr. was an employee of Frontera who assigned Garcia to drive an articulated dump truck at a Frontera mining operation. On the date of injury, Garcia allegedly engaged the brakes, exited the vehicle, and was then crushed as it rolled forward and pinned him between the dump truck and another vehicle. The Underlying Lawsuit alleges that the dump truck involved was a John Deere 250D Series II model with VIN 1DW250DXCFE670154.

13. Plaintiffs' Original Petition alleges that Garcia's employer Frontera was a part of the same business operation with defendants Southern Star, its general partner Los Caminos, and Foremost. The Petition alleges that all of these companies are owned by the Forshage family, share the same offices and principals, and that the vehicles owned by these entities are shared and serviced in common. The Underlying Lawsuit asserts claims against all of these defendants for negligence and gross negligence and seeks $55,000,000 in actual damages and $55,000,000 in exemplary damages.

14. PIC agreed to defend and is defending its insured Southern Star, and Southern Star's general partner Los Caminos, subject to a full and complete reservation of rights. PIC is not defending related entities Frontera and Foremost.

## V.

## **THE PIC POLICIES**

15. PIC issued Motor Carrier Coverage Policy No. MD000245-20 to Southern Star for

the policy period November 5, 2020 to November 5, 2021 ("the Policy"), a copy of which is attached hereto as **Exhibit B**. Separately, PIC also issued its Commercial Excess Liability Policy No. MX1391-20 providing excess coverage (the "Excess Policy"), a copy of which is attached hereto as **Exhibit C**.

16. The Policy states in relevant part as follows:

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

    **A.**    **Description of Covered Auto Designation Symbols**

        * * *

        **61**    Any "Auto"

            * * *

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

    **A.**    **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".… We will have the right and duty to defend any "insured" against a "suit" asking for such damages….

        * * *

    **1.**    **Who Is An Insured**

        The following are "insureds":

        **a.**    You for any covered "auto".

        **b.**    Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

            **(1)**    The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto"    …

\* \* \*
  **e.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability….

\* \* \*
**B.** **Exclusions**

This insurance does not apply to any of the following:

\* \* \*
**4.** **Employee Indemnification and Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

 **(1)** Employment by the "insured"; or

 **(2)** Performing the duties related to the conduct of the "insured's" business; or

\* \* \*
## SECTION VI – DEFINITIONS

\* \* \*
**B.** **"**Auto" means:

 **1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

 **2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

\* \* \*
**K.** **"**Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

 **1.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

 **2.** Vehicles maintained for use solely on or next to premises you own or rent;

 **3.** Vehicles that travel on crawler treads;

    **4.**    Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

        **a.**    Power cranes, shovels, loaders, diggers or drills; or

        **b.**    Road construction or resurfacing equipment such as graders, scrapers or rollers;….

\* \* \*

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

\* \* \*

17.    The PIC Excess Policy states in relevant part as follows:

The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this Coverage Part will apply. However, the coverage provided under this Coverage Part will not be broader than that provided by the applicable "controlling underlying insurance".

\* \* \*

## SECTION I – COVERAGES

**1.**    **Insuring Agreement**

    **a.**    We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "injury or damage" to which insurance provided under this Coverage Part applies.

        We will have the right and duty to defend the insured against any suit seeking damages for such "injury or damage" when the applicable limits of "controlling underlying insurance" have been exhausted in accordance with the provisions of such "controlling underlying insurance".

\* \* \*

## SECTION IV – DEFINITIONS

The definitions applicable to any "controlling underlying insurance" also apply to this insurance. In addition, the following definitions apply.

1. "Controlling underlying insurance" means any policy of insurance or self-insurance listed in the Declarations under the Schedule of "controlling underlying insurance".

   \* \* \*

5. "Retained limit" means the available limits of "controlling underlying insurance" applicable to the claim.

6. "Ultimate net loss" means the total sum, after reduction for recoveries, or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of:

   a. Settlements, judgments, binding arbitration; or

   b. Other binding alternate dispute resolution proceeding entered into with our consent.

## VI.

## NO COVERAGE FOR THE UNDERLYING LAWSUIT

**A.   THE ARTICULATED DUMP TRUCK AT ISSUE IN THE UNDERLYING LAWSUIT IS "MOBILE EQUIPMENT" AND NOT A COVERED "AUTO" UNDER THE PIC POLICIES**

18.    The Policy (and the following form Excess Policy) provides coverage to Southern Star or any other insured only in connection with an accident involving the ownership, maintenance or use of a covered "auto," which specifically does not include "mobile equipment." The John Deere 250D Series II model articulated dump truck involved in the accident at issue in the Underlying Lawsuit is "mobile equipment." It was "designed for use principally off public roads," was not licensed or registered for use on a public highway, and is not subject to a "compulsory or financial responsibility law or other motor vehicle insurance law" in Texas. Accordingly, it is not a covered "auto" and no coverage is available to Southern Star, Los Caminos, Frontera or Foremost.

**B.   COVERAGE IS EXCLUDED UNDER THE PIC POLICIES FOR DEFENDANT FRONTERA BY APPLICATION OF THE POLICY'S EMPLOYEE EXCLUSION**

19.    Separately, as alleged in the Original Petition in the Underlying Lawsuit, the decedent David Garcia, Jr. was an employee of Defendant Frontera. The PIC primary Policy specifically

excludes claims arising out of bodily injury to an employee. For that reason, also, there is no coverage under the Policy or the Excess Policy for Defendant Frontera.

C. **COVERAGE IS EXCLUDED UNDER THE PIC POLICIES FOR DEFENDANTS FRONTERA AND FOREMOST BECAUSE THEY ARE NOT INSURED UNDER THE PIC POLICIES**

20. Neither Defendant Frontera nor Defendant Foremost is a named insured or an additional insured under the PIC Policies, and therefore no coverage applies to either of them for that reason as well. The Policies do not provide coverage for the conduct of non-insured, related companies whose operations were never intended to be covered, whether or not the Underlying Lawsuit contains allegations that these related entities are engaged in a single business enterprise.

D. **COVERAGE IS EXCLUDED UNDER THE PIC POLICIES FOR DEFENDANTS SOUTHERN STAR AND LOS CAMINOS BECAUSE THEIR ALLEGED LIABILITY IS BASED ON A SINGLE BUSINESS ENTERPRISE THEORY RATHER THAN THEIR OWN NEGLIGENT CONDUCT**

21. Finally, as a matter of public policy, an insurer has no obligation to defend or indemnify an insured where liability alleged against that insured is based solely in an alter ego or single business enterprise theory of liability, and not the conduct of its insured. The PIC Policies do not apply to the conduct of a non-insured, allegedly alter ego company for which PIC has not assumed any risk and has not charged a premium. This accident involves a Frontera employee at a Frontera worksite driving a Frontera articulated dump truck, and the alleged liability of Southern Star and Los Caminos arises solely because they are related companies. For that reason, also, there is no coverage under the PIC Policies for Southern Star or for Los Caminos.

## VII.

### REQUEST FOR DECLARATORY RELIEF

22. Plaintiff PIC incorporates by reference the allegations and averments contained in Paragraphs 1 through 21 above, as though set forth fully herein.

23. PIC invokes this Court's power to render a declaratory judgment. As set forth above,

there is an actual controversy concerning the existence or amount of insurance coverage available to Defendants Southern Star, Los Caminos, Frontera and Foremost in connection with the claims asserted against them in the Underlying Lawsuit.

24. The terms of the PIC Policies are clear and unequivocal. PIC has neither a duty to defend nor a duty to indemnify Defendants Southern Star, Los Caminos, Frontera or Foremost in connection with the Underlying Lawsuit, by application of the provisions set forth above.

25. For these reasons, Plaintiff PIC asks that it be granted the following relief from this Court:

    A. a declaration by the Court that PIC does not owe any duty to defend or indemnify Southern Star in the Underlying Lawsuit;

    B. a declaration by the Court that PIC does not owe any duty to defend or indemnify Los Caminos in the Underlying Lawsuit;

    C. a declaration by the Court that PIC does not owe any duty to defend or indemnify Frontera in the Underlying Lawsuit;

    D. a declaration by the Court that PIC does not owe any duty to defend or indemnify Foremost in the Underlying Lawsuit; and

    E. such other and further relief as the Court deems just and equitable under the circumstances.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff PIC prays for judgment declaring the rights and obligations of the parties, and in particular for a declaration that PIC does not owe any duty to defend or indemnify Defendants Southern Star, Los Caminos, Frontera or Foremost in connection with the claims asserted by Belinda Garcia or David Garcia, Sr. in the Underlying Lawsuit, and for such other and further relief, both at law and in equity, as it may show itself justly entitled.

DATED: June 13, 2022

Respectfully submitted,

**THE WOODALL LAW FIRM, PLLC**

By: /s/ *J. Daniel Woodall*
J. Daniel Woodall
Federal I.D. 37089 (SD-Texas)
Tx Bar No. 24008300
Dan@woodalllawfirm.com
1725 Hughes Landing Boulevard, Suite 1250
The Woodlands, Texas 77380
Telephone: 281/892-1040
Facsimile: 281/305-3892
*Attorney for Plaintiff*
*Protective Insurance Company*